## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 10 2017, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Reyes,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 10, 2017

Court of Appeals Case No.
32A01-1701-CR-101

Appeal from the Hendricks
Superior Court

The Honorable Karen M. Love,
Judge

Trial Court Cause No.
32D03-1603-F4-11

**Barnes, Judge.**

## Case Summary

[1] Michael Reyes appeals his ten-year sentence for Level 4 felony child molestation and Class A misdemeanor invasion of privacy. We affirm.

## Issue

[2] The sole issue on appeal is whether the sentence imposed was inappropriate in light of the nature of the offense and the character of the offender.

## Facts

[3] On March 8, 2016, M.P., mother of eleven-year-old M.M. and wife of Reyes, invited Reyes over to her house in Hendricks County to spend time with their son.[1] A protective order had previously been established, which prohibited Reyes from entering M.P.'s home. Reyes violated the order on multiple occasions. While M.P. was in her bedroom upstairs, Reyes removed his jeans and touched M.M. on her breast and her vagina. M.P. came downstairs and saw Reyes kissing M.M.'s neck and rubbing her vagina. M.P. screamed at Reyes to stop and then told him to leave. Reyes asked M.P. not to contact the police. M.P. then took M.M. upstairs to her bedroom. While in M.P.'s room, M.P. asked M.M. why she did not scream, and M.M. told her it was because Reyes had threatened to kill M.P. M.P. reported the crime to police.

[4] On March 10, 2016, the State charged Reyes with Level 4 felony child molesting, fondling or touching a child under fourteen, and Class A

---

[1] M.M. is Reyes's step-daughter.

misdemeanor invasion of privacy. Reyes pled guilty to both counts. A sentencing hearing was held on December 20, 2016. During the hearing, M.P. testified that, since the incident, "[M.M.]'s a totally different child. … She says she doesn't care about life anymore. She doesn't like to take baths. And her grades have gone down." Tr. p. 34. M.P. testified that M.M. liked school before this incident and made A's and B's. Now M.M. makes C's, D's, and F's. She stated that M.M. would go days without bathing because she did not want to look good and that she is afraid that she will attract the attention of men. M.P. stated that M.M. is currently receiving counseling, and M.M.'s counselor suggested M.M. should not attend the hearing.

[5]     Reyes testified during the hearing and admitted to touching M.M. on her breast and vagina. He denied ever threatening M.M. or M.P. Reyes stated,

> I am very sorry about what happened and I'm really embarrassed about what happened. I have learned the lesson and I wish she was here so I could ask for her forgiveness. I am sure this is not going to happen again and I want to tell the Court that I am sorry. I want to apologize to the court.

*Id.* at 46.

[6]     At the conclusion of the hearing, the trial court found Reyes's guilty plea, acceptance of responsibility, and Reyes's refusal to allow M.M. or his wife to be deposed as mitigating circumstances. The trial court also acknowledged Reyes's working to support his son, prior to this incident, as a mitigating circumstance. The trial court found Reyes's relationship to M.M., as her step-father, as an aggravating circumstance. The trial court noted that Reyes not

only violated a protective order by being in the house at the time the incident occurred, but also violated his position of trust. The trial court also found that the incident taking place in M.M.'s home, while her mother was in the home, was an aggravating circumstance. Although the State asked the trial court to consider M.M.'s age as aggravating, the trial court was reluctant to do so because the age of the victim is an element of the crime.[2] The trial court stated Reyes needs rehabilitation and that the Department of Correction ("DOC") has a good program available for sex offenders. The trial court sentenced Reyes to ten years in the DOC with 545 days suspended to probation for the Level 4 felony child molesting conviction, and a concurrent sentence of 286 days for the Class A misdemeanor invasion of privacy conviction. Reyes now appeals.

## Analysis

[7] Reyes contends that his sentence is inappropriate in light of the nature of the offense and his character. However, there are arguments in his brief that reference an abuse of discretion standard. Specifically, Reyes argues that the trial court improperly considered M.M.'s age and his criminal history as aggravating factors and that the trial court improperly weighed other factors. Our supreme court, however, has made clear that inappropriate sentence and

---

[2] The trial court stated, "It's true the child is age 11, that's under 12, however in a certain sense that's part of the statute itself that makes this a felony because it's –a Level 4 felony because its—she's under 14 so I give that some weight." Tr. p. 64.

abuse of discretion claims are to be analyzed separately.[3] *See Anglemyer v. State,* 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). An inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant. *King v. State,* 894 N.E.2d 265, 267 (Ind. Ct. App. 2008); *see also Harman v. State,* 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied.* An inappropriate sentence analysis includes only whether Reyes's sentence is inappropriate in light of the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B); *see also Anglemyer,* 868 N.E.2d at 491. Because Reyes does not cite the proper authority or fully develop his arguments concerning the trial court's assessment of aggravating and mitigating factors, we will only consider whether the sentence is inappropriate in light of the offense and the character of the defendant. *See Keller v. State,* 987 N.E.2d 1099, 1121 n. 11 (Ind. Ct. App. 2013), *trans. denied.*

[8] Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its

---

[3] A trial court can be said to have abused its discretion by "failing to enter a sentencing statement at all … entering a statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentence statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law." *Anglemyer,* 868 N.E.2d at 490-491.

sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[9] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10] The advisory sentence is the starting point to determine the appropriateness of the sentence. *See Anglemyer,* 868 N.E.2d at 494. The sentencing range for a Level 4 felony conviction is between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. The sentencing range for a Class A misdemeanor is not more than one year. I.C. § 35-50-3-2. Reyes received a sentence that was higher than the advisory sentence but lower than

the maximum sentence available for the Level 4 felony, and he received lower than the advisory sentence for the Class A misdemeanor.

[11] In regard to the nature of the offense, Reyes contends that "aside from the fact that [he] was in a position of trust with respect to M.M., there is nothing in the record to show that [his] crimes were particularly atrocious or deserving of a sentence 4 years higher than the advisory sentence for his crime." Appellant's Br. p. 9. The nature of the offense reveals, however, that Reyes molested his eleven-year-old step-daughter, by touching M.M. on her breast and vagina, while his wife and son were in the home. As Reyes was committing these offenses, he threatened to kill his wife if his step-daughter said anything. M.P. witnessed Reyes kissing M.M. on her neck and touching her vagina, and Reyes only stopped touching M.M. after being caught by his wife. After the incident, M.M.'s grades fell, she refused to bathe, and she felt threatened by men. M.M. was also unable to attend the hearing because her counselor was concerned it would be too much for her to handle. The nature of the offense was egregious.

[12] The character of the offender reveals that Reyes was previously convicted of distribution of cocaine in Puerto Rico. Reyes committed the instant offense at M.M.'s home, which violated a long-standing protective order, and a position of trust, as M.M's step-father. He also admitted to intentionally violating the protective order on multiple occasions, prior to this incident. Although we acknowledge Reyes's guilty plea and acceptance of responsibility, he has not persuaded us that his character warrants a revised sentence.

[13]     Given the nature of the offense and Reyes's character, we find that the sentence imposed was appropriate, especially considering the trial court imposed concurrent sentences and suspended one-and-one-half years to probation.

## Conclusion

[14]     The sentence imposed was not inappropriate in light of the nature of the offense and Reyes's character. We affirm.

[15]     Affirmed.

Baker, J., and Crone, J., concur.